# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN BROGAN, | : | CV. No. 3:10-CV-311 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Vanaskie)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LUZERNE COUNTY** | : | |
| **CORRECTIONAL FACILITY et al.** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The Plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint on February 11, 2010. The complaint is notable for its brevity. It names the Luzerne County Prison and its warden as Defendants. In the complaint, Brogan acknowledges that he did not exhaust his administrative remedies, stating instead that he "wanted to file 1983". (Doc. 1.) The complaint then alleges, without further elaboration, that the Plaintiff "had to use the same plastic fork for 3 meals. This is unsanitary. Argued with C.O. about this. Received write-up. Placed in pre-hearing confinement." (Id.) Notably absent from the complaint is any allegation that this conduct violated any specific rights guaranteed to prisoners under the United States Constitution and laws of the United States. While it appears that the Plaintiff wishes to proceed *in forma pauperis*, before requiring service and a response to this

complaint we will direct the Plaintiff to file an amended complaint for the reasons set forth below.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

Applying this standard, the Court places the plaintiff on notice that the allegations in the *pro se* complaint may be subject to dismissal for failure to state a claim upon which relief can be granted.

At the outset, it is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff. In this case, the Plaintiff has not alleged any violations of specific rights guaranteed by the Constitution or laws of the United States. Instead, Brogan simply alleges without elaboration that he: "had to use the same plastic fork for 3 meals. This is unsanitary. Argued with C.O. about this. Received write-up. Placed in pre-hearing confinement." Without some further assertion that this action violated some

particular, identifiable federal statutory or constitutional right possessed by the Plaintiff, Brogan's complaint appears to be fatally flawed.

Brogan also appears to have failed to have alleged facts that would create liability for the Defendants named in his complaint. Specifically, in this complaint the Plaintiff appears to seek to hold the Warden and prison individually liable for the alleged acts of correctional staff without any showing of the Defendants' knowledge, concurrence or acquiescence in those acts.

Claims regarding prison conditions, including prison food and dining, are typically pursued under the Eighth Amendment to the United States Constitution, on the theory that the specific prison condition rose to the level of cruel and unusual punishment. While Brogan's complete failure to identify the constitutional or statutory basis for this action limits our analysis of these claims, assuming that these claims are grounded in the Eighth Amendment, Brogan faces an exacting burden in advancing an Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, the Plaintiff must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

6

Beers-Capitol v. Whetzel 256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Constitutional Eighth Amendment benchmark, the courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. See Jones v. Beard, 145 F. App'x 743 (3d Cir. 2005)(finding no Eighth Amendment violation where inmate-plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an attack.).

    More fundamentally, such a claim of a constitutional deprivation cannot be premised merely on the fact that the named Defendant was the prison warden when the incidents set forth in the complaint occurred. Quite the contrary, to state a claim under §1983, the Plaintiff must show that the Warden, acting under color of state law, deprived the Plaintiff of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to the Warden it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

These same principles apply to the County Prison as an institutional defendant in this case. With respect to such institutional defendants it is clear that:

> [A] County cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. See Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. See Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996).

Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Furthermore, it is apparent from the face of the complaint that Brogan has not sought to exhaust his administrative remedies. This, too, may ultimately prove to be a fatal flaw since the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e's exhaustion requirement applies to a wide-range of inmate complaints, including damages complaints like those made here. See Spruill v. Gillis, 372 F.3d 218 (3d. Cir. 2004); Booth v. Churner, 206 F.3d 289 (3d Cir. 2000). While this exhaustion requirement is not a jurisdictional bar to litigation, this requirement is strictly enforced by the courts. Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000)(citations omitted). Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to § 1997e's exhaustion requirement. Id. Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court. Moreover, courts have also imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Applying this procedural default standard to § 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully complete the prison grievance process are barred from subsequently litigating claims in federal court. See, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x. 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006). While failure to exhaust administrative remedies is an affirmative defense which can be waived and, therefore, may not provide grounds for a screening review dismissal of this case, see Ray v. Kertes, 285

F.3d 287 (3d Cir. 2002), Brogan is placed on notice that his current complaint is also flawed in this respect and may ultimately be subject to dismissal on these grounds by the Defendants.

In short, without the inclusion of some further well-pleaded factual allegations, the assertions in the Plaintiff's complaint appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, 127 S.Ct. at 1979 (2009). We recognize, however, that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since the *pro se* complaint may not contain sufficient factual recitals to state a claim upon which relief may be granted, the Plaintiff is placed on notice that these allegations may be subject to dismissal under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will, however, provide the Plaintiff with an opportunity to correct this potential deficiency in the *pro se* complaint, and avoid the possible dismissal of these claims. Accordingly, **IT IS ORDERED** that the Plaintiff shall file an amended complaint on or before **March 8, 2010**. Any amended complaint shall be complete in all respects, and should

address the issues raised by this Order. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case. If the Plaintiff fails to file an amended complaint by **March 8, 2010**, the Court will assume that the Plaintiff cannot provide further well-pleaded facts in support of this complaint, and will make appropriate recommendations regarding whether the complaint should be dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

                                              *S/Martin C. Carlson*
                                              Martin C. Carlson
                                              United States Magistrate Judge

Dated: February 16, 2010